T.C. Summary Opinion 2019-10

UNITED STATES TAX COURT

SIBILLE G. COONEY AND DOMINIC C. COONEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3056-17S.                    Filed June 11, 2019.

Sibille G. Cooney, pro se.

Albert B. Brewster II, for respondent.

SUMMARY OPINION

CARLUZZO, Chief Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463[1] of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended and in effect for 2013.  Rule references are to the Tax
Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated November 9, 2016 (notice), respondent determined a $9,686 deficiency in petitioners' 2013 Federal income tax and imposed a $1,937.20 section 6662(a) accuracy-related penalty. After concessions, the issues for decision are whether petitioners are: (1) entitled to certain deductions claimed on a Schedule C, Profit or Loss From Business, filed with their 2013 Federal income tax return and (2) liable for a section 6662(a) accuracy-related penalty.[2]

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in California.

During the year in issue Mrs. Cooney (petitioner) owned and operated a sole proprietorship through which she provided consulting services to visual effects artists and editors. She trained her clients, usually in a one-on-one or small group setting, on a software program called Autodesk Flame. Autodesk Flame is a

_____

[2]Dominic C. Cooney did not appear at trial and did not sign the stipulation of facts admitted into evidence at trial. Accordingly, the case has been dismissed as to him for lack of prosecution. See Rule 123. The decision to be entered with respect to him, however, will be consistent with the decision to be entered with respect to Mrs. Cooney.

software program used to create visual effects for television and movies. Because of its software requirements, Autodesk Flame needs certain computer hardware to operate properly. Generally, her clients were already proficient in Autodesk Flame but required her expert training to accomplish more complex work.

Petitioner's client meetings were often conducted within 30 miles of her home. Sometimes she consulted with her clients in her home, but most of the time she consulted with her clients at either their offices or the Autodesk Flame corporate office.

Petitioner leased a Volkswagen Jetta (Jetta) for $276.74 a month that she used to travel to her client meetings during 2013. Petitioners also leased another vehicle that was used exclusively for personal purposes. Petitioner maintained a mileage log for the Jetta in which she recorded daily entries showing for some trips a date or range of dates, a city, a brief description of the purpose of the travel, the person/people she consulted with, and the miles driven. Petitioner also created a noncontemporaneous mileage log in anticipation of trial that to some extent duplicates and summarizes her contemporaneous mileage log.

Petitioners' 2013 Federal income tax return was prepared by a certified public accountant. Income and deductions attributable to petitioner's consulting

business are reported on a Schedule C included with the return. The Schedule C

shows $50,066 of gross receipts and the following deductions:

| Expense | Amount |
|---|---|
| Advertising | $8,684 |
| Car and truck[1] | 4,093 |
| Depreciation and section 179 | 7,844 |
| Insurance (other than health) | 307 |
| Legal and professional | 6,086 |
| Office | 3,985 |
| Rent or lease of vehicles, machinery, and equipment | 3,083 |
| Rent or lease of other business property | 3,888 |
| Repairs and maintenance | 6,346 |
| Supplies | 1,190 |
| Travel | 1,852 |
| Deductible meals and entertainment | 1,168 |
| Other | 10,016 |

[1]Petitioners computed the car and truck expense by applying the applicable standard mileage rate to the business miles petitioner claims to have driven. The Commissioner generally updates the optional standard mileage rates annually. See sec. 1.274-5(j)(2), Income Tax Regs. The standard mileage rate of 56.5 cents per mile for 2013 is set forth in Notice 2012-72, sec. 2, 2012-50 I.R.B. 673, 673.

In the notice and as relevant, respondent: (1) disallowed Schedule C

expense deductions for car and truck, rent or lease of other business property, and

rent or lease of vehicles, machinery, and equipment; (2) disallowed all but $5,023

of the $10,016 Schedule C other expenses deduction; (3) disallowed all but $1,136

of the $6,346 Schedule C repairs and maintenance expense deduction;

(4) disallowed all but $245 of the $6,086 Schedule C legal and professional expense deduction; (5) disallowed all but $3,634 of the $8,684 Schedule C advertising expense deduction; and (6) imposed a section 6662(a) accuracy-related penalty on several grounds, including "negligence or disregard of rules or regulations" and a "substantial understatement of income tax". According to the notice, the deductions claimed on the Schedule C were disallowed because petitioners "did not establish that the business expense shown on * * * [their] tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to * * * [petitioner's] business." Other adjustments made in the notice are computational and need not be addressed in this opinion.

## Discussion

### I. Schedule C Deductions

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

---

[3]Petitioners do not claim and the record does not otherwise demonstrate that the provisions of sec. 7491(a) are applicable here, and we proceed as though they are not.

A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business.  Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004).

Deductions for expenses attributable to travel ("including meals and lodging while away from home"), entertainment, gifts, and the use of "listed property" (as defined in section 280F(d)(4) and including passenger automobiles), if otherwise allowable, are subject to strict rules of substantiation.  Sec. 274(d); see Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (1) the amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose

of the expense, and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

With these fundamental principles of Federal income taxation in mind, we consider petitioner's claims to the various deductions here in dispute.

### A. Expenses for Car and Truck and Rent or Lease of Vehicles, Machinery, and Equipment

As noted, petitioners claimed expense deductions of $4,093 for car and truck and $3,083 for rent or lease of vehicles, machinery, and equipment on the Schedule C. Both deductions relate to the use of the Jetta in petitioner's consulting business. The deduction for car and truck expenses was computed by applying the applicable standard mileage rate to the business miles she claims to have driven, while the deduction for vehicles, machinery, and equipment expenses was computed on the basis of the amount she paid to lease the Jetta.

A taxpayer may deduct vehicle expenses using either actual cost or the standard mileage rate. See sec. 1.274-5(j)(2), Income Tax Regs. Therefore, petitioners cannot claim deductions for both actual expenses and expenses calculated on the basis of the standard mileage rate. Regardless, petitioner's contemporaneous mileage log is not sufficient to support either deduction. In addition to other infirmities, a majority of the entries span multiple days and fail to identify specific times and places of travel. Her noncontemporaneous mileage log and testimony do not sufficiently corroborate the mileage she claims to have driven. Simply put, the evidence petitioners offered is insufficient to support their claim to the car and truck expense deduction or the rent or lease of vehicles,

machinery, and equipment expense deduction here in dispute.  Respondent's disallowances of those deductions are sustained.

B.  Repairs and Maintenance

Petitioners claimed a $6,346 deduction for repairs and maintenance expenses on the Schedule C.  Respondent disallowed $5,210.  The parties appear to have reached an agreement with respect to some of the expenses that constitute the repairs and maintenance deduction.

The unagreed amounts for repairs and maintenance expenses were attributable to the costs of computer accessories that petitioner purchased and placed in service in 2013.  Some of those expenses have not been substantiated.[4] Other expenditures included in the unagreed amounts are capital in nature, and respondent points out that petitioners failed to make a proper election under section 179(c) that would qualify the expenditures for current deductions.  See Jackson v. Commissioner, T.C. Memo. 2008-70.  Petitioners are not entitled to a deduction for repairs and maintenance in excess of the amount respondent already allowed.  Nonetheless, petitioners are entitled to a first-year depreciation deduction in respect of the property the cost of which must be capitalized.  The

---

[4]Sec. 280F(d)(4)(A) subjects computers to the special substantiation requirements of sec. 274 as "listed property".

parties shall compute the allowable amount of a depreciation deduction for the computer accessories under Rule 155.

## II. Accuracy-Related Penalty

According to respondent, petitioners are liable for a section 6662(a) accuracy-related penalty because, among other reasons, the underpayment of tax required to be shown on their return is due to a substantial understatement of income tax.[5] See sec. 6662(b)(2). A "substantial understatement of income tax" is an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A); see sec. 1.6662-4(b), Income Tax Regs.

The parties now agree that petitioners are liable for an accuracy-related penalty for 2013 if the recalculated deficiency as computed under Rule 155 is a substantial understatement of income tax as defined by section 6662(d)(1)(A).[6]

---

[5]The deficiency, underpayment of tax, and understatement of income tax are computed in the same manner. See secs. 6211, 6662(d)(2), 6664(a).

[6]The record contains sufficient evidence to support respondent's burden of production with respect to the imposition of the penalty. See secs. 6751, 7491(c).

To reflect the foregoing,

Decision will be entered under

Rule 155.
